**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LILLIAM J. ROMAN-VAZQUEZ | |
| Plaintiff | |
| v. | Civil No. 07-1308(SEC) |
| BAXTER SALES & DISTRIBUTOR, CORP. | |
| Defendant | |

**OPINION AND ORDER**

This case is before the Court pursuant to a Notice of Removal filed by Baxter Sales & Distributor, Corp. (hereinafter Baxter) in the above captioned case, which was filed before the Puerto Rico Court of First Instance. See, Docket # 1. Plaintiff moved to remand the case (Docket # 2), and Baxter opposed (Docket # 6). Thereafter, with prior leave from the Court, Plaintiff replied (Docket # 9) and Baxter sur-replied (Docket # 10). After reviewing the filings and the applicable law, Plaintiff's Motion to Remand is hereby **GRANTED**.

**Factual and Procedural Background**

Plaintiff sued Baxter in the Puerto Rico Court of First Instance seeking redress for the alleged unlawful termination of her employment, for age and sex discrimination and for violation of her constitutional right to privacy. See, Docket # 1, Exh. 10. Plaintiff specifically alleged that she had been employed by Baxter for ten years and, despite her good performance, she was discharged without just cause. Plaintiff also averred that she was sexually harassed by her supervisor. Furthermore, Plaintiff's complaint attributed her dismissal to: (1) her age, (2) her complaints before the State Insurance Fund, and (3) Baxter's retaliatory animus towards her because she complained, internally, of sexual harassment. Finally, Plaintiff contended that Baxter monitored her by following and videotaping her in her home and other public places, in order to fabricate a case to justify her unlawful discharge. Plaintiff's complaint does not specify, at all times, in which laws her causes of

**Civil Case No. 07-1308(SEC)**                                                                                          2

action rest. She clearly alleges being discharged without just cause, and due to her age, her complaints with the State Insurance Fund and her internal complaints of sexual harassment. Her unlawful discharge claim necessarily rests on Puerto Rico law, as there is no federal counterpart. See, 29 P.R. Laws Ann. § 146 et seq. Her claim for retaliation was clearly premised on Act 115 of December 20, 1991, 29 Laws of P.R. Ann. § 194, *et seq*. See, Docket #1, Ex. 10, p. 2. However, Plaintiff's claims for discrimination due to her age and for sexual harassment may rest on either state law or federal law. See, Act 17 of April 22, 1988, 29 Laws of P.R. Ann. § 15(a), *et seq*.(hereinafter Act 17), Act 100 of June 30, 1959, 29 Laws of P.R. Ann. § 151 *et seq*. (hereinafter Act 100); see also, Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.;* Title VII, 42 U.S.C.A. § 2000e, *et seq*. Finally, Plaintiff's complaint alleged that Baxter's monitoring of her activities violated her right to privacy "contained and protected by the Constitution of the Commonwealth of Puerto Rico and the United States..." Docket # 1, Ex. 10, p. 5.

Baxter removed this case to this forum pursuant to 28 U.S.C.A. § 1441(b). Said section provides, in pertinent part, "any civil action of which the district courts have original jurisdiction founder on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C.A. § 1441(b). Baxter argues that Román's complaint was removable under this section because: (1) she raised a claim under the U.S. Constitution, and (2) her claims for age discrimination and sexual harassment may rest on federal law, as she did not specify the law on which they were premised.

Plaintiff moved to remand the case arguing that her constitutional claim to privacy rested on the Commonwealth Constitution and that her mentioning the U.S. Constitution was merely an alternate theory of law, not sufficient in itself to provide removal jurisdiction to this Court under the aforementioned section. Let's see.

**Civil Case No. 07-1308(SEC)**                                                                 3

**Applicable Law and Analysis**

Pursuant to section 1441(b), "[a] case may be removed to federal court if it presents a **claim or right** arising under the Constitution, treaties or laws of the United States." 28 U.S.C.A. § 1441(b); Roselló-González v. Calderón-Serra, 398 F. 3d 1, 10 (2005)(hereinafter Roselló-González). However, it is well-settled law, that "the plaintiff is the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Roselló-González, 398 F. 3d at 11. Therefore, a defendant wanting to remove a case filed in a state court, bears "the burden to prove that a federal question has been pled." Id. In determining whether a case should be removed under section 1441(b), the Court may only examine "the four corners of the complaint." Id. at p. 10-11. This is the so called well-pleaded complaint rule. Id. This rule stands for the proposition that "whether a case presents a federal claim or right, a court is to ask whether the plaintiff's claim to relief rests upon a federal right, and the court is to look only to plaintiff's complaint to find the answer." Id., citing, Hernández-Agosto v. Romero-Barceló, 748 F. 2d 1, 2 (1st Cir. 1984). In light of this doctrine, the fact that the burden rests upon the removing party to establish federal question jurisdiction, and "the important federalism concerns at play... any ambiguity as to the source of law relied upon by the ... plaintiffs... ought to be resolved against removal." Id.

As stated above, Baxter's arguments in favor of removing the case are predicated upon Plaintiff's statement that Baxter violated her right to privacy under the U.S. Constitution and her not specifying whether her discrimination claims rest on federal or state law. We discuss the latter argument first and work our way back to the former.

Baxter stresses the fact that Plaintiff chose not to specify which law gave rise to her discrimination claims as a factor mandating removal. They cite Torres-Nazario v. Department of Health of Commonwealth of Puerto Rico, 415 F. Supp. 1d 48 (D.P.R. 2006)(hereinafter Torres-Nazario) in support of this proposition. There, the district judge concluded, interpreting Roselló-González, that the plaintiff's failure to specify whether his constitutional claims for due process and political discrimination rested upon the Commonwealth

**Civil Case No. 07-1308(SEC)**                                                                                           4

Constitution or the U.S. Constitution made removal "proper in this instance." Torres-Nazario, 415 F. Supp. 2d at 49. It then added that "allegations of denial of Due Process and Freedom of Association are sufficient to state federal claims even though the complaint does not refer explicitly to 42 U.S.C.A. § 1983." Id. We believe that the Torres-Nazario court misread the holding of Roselló-González. We explain.

In Roselló-González the District Court for the District of Puerto Rico consolidated two cases: one filed in federal court by a group of voters favoring Pedro Roselló-González, the candidate for the New Progressive Party (hereinafter the federal plaintiffs), who, as of the date of the federal complaint, was losing the election by a very close margin: approximately 3,000 ballots, the same ballots that the federal plaintiffs wanted to invalidate. The other one, a complaint filed in the Puerto Rico Court of First Instance by a group of voters favoring Aníbal Acevedo-Vilá, the candidate for the Popular Democratic Party (hereinafter the PDP plaintiffs), who wanted a declarative judgment stating that their three-mark ballots were valid under Puerto Rico law. The PDP plaintiffs alleged that invalidating their ballots would infringe their right to due process of law and to equal protection under the law. See, Roselló-González, 398 F. 3d at 8. The federal plaintiffs removed the case to federal court and the PDP plaintiffs moved to remand the case.

Although the PDP plaintiffs' complaint did not specify whether their claims rested under the Commonwealth or the U.S. Constitution, and both constitutions gave a right to due process of law and equal protection of the law, the First Circuit held that the complaint did not raise a claim under the Federal Constitution. It reasoned that there was no explicit reference to the U.S. Constitution in the complaint, and plaintiffs, as masters of their complaint, could validly avoid federal jurisdiction "by exclusive reliance on state law." Id. at 11. It also stressed the fact that the burden of proof was always in the removing party to show that "a federal question has been pled." Id. As such, in light of this burden and of "important federalism concerns at play in considering removal jurisdiction, ... any ambiguity as to the source of law relied upon by the [PDP plaintiffs] ought to be resolved against

**Civil Case No. 07-1308(SEC)** 5

removal." Id.

Baxter moves for us to hold the opposite: that Plaintiff's omission in the complaint of the source of her discrimination claims made removal proper in this case. We believe that removal in a case like this, where Plaintiff does not specify the source of the law entitling her to relief, would be contrary to the holding of Roselló-González, which stated that any ambiguity as to the source of law ought to be resolved **against** removal. Id. Therefore, this argument fails as a matter of law.

Baxter's next argument is that Plaintiff in fact raised a federal question when she claimed that Baxter engaged in a surveillance of the Plaintiff "in her home and in places she visited... in violation of her right to privacy contained and protected by the Constitution of the Commonwealth and the United States..." Docket # 1, Ex. 10, pp. 5-6. Plaintiff demurs. She argues, empowered by precedent, that an alternative theory of law which may raise federal questions of law is not sufficient in itself to provide removal jurisdiction, and that even if considered a federal claim, it did not meet the requirement that a federal question be substantial in order for the case to be properly removed. She cites Christianson v. Colt Industries Operating Corp., 486 U.S. 800 (1988) and Dixon v. Coburg Dairy, Inc., 369 F. 3d 811 (4th Cir. 2004) in support of her alternative theory argument. Defendant opposed this argument stating that her complaint included a **claim** under the U.S. Constitution, not an alternative theory as Plaintiff proposes. In this particular case, we agree with the Plaintiff.

In Christianson, the issue was whether the plaintiff's case arose under patent law. Christianson, 486 U.S. 800. Although the removal provision in that case, 28 U.S.C.A. § 1338, was different to the one at hand, the U.S. Supreme Court applied the well-pleaded complaint rule described above. It stated that "[u]nder the well-pleaded complaint rule, as appropriately adapted to § 1338(a), whether a claim arises under patent law must be determined from what necessarily appears in the plaintiff's statement of his own claim..." Christianson, 486 U.S. at 809. In that context, it held that "if on the face of a well-pleaded complaint **there are reasons completely unrelated to the provisions and purposes of the**

**Civil Case No. 07-1308(SEC)** 6

**patent laws** why the plaintiff may or may not be entitled to the relief it seeks, then the claim does not arise under those laws." Christianson, 486 U.S. at 810.(Emphasis added). It concluded that "a claim supported by alternative theories in the complaint may not form the basis of § 1338(a) jurisdiction unless patent law is essential to each of those theories." Id.

Despite the apparent inapplicability of the Christianson holding in this case, we believe that its language is broad enough to lend itself to solve an ordinary removal case under federal question jurisdiction. The Fourth Circuit so concluded in Dixon, and we adopt its reasoning. Let's see.

In Dixon, the plaintiff alleged that he was unlawfully terminated in violation of South Carolina law. Coburg, the defendant, and his former employer, removed the case arguing that the state law relied upon by the plaintiff involved a substantial question of federal law. Dixon, 369 F. 3d at 814. Dixon was a member of the Sons of the Confederate Veterans, a non-profit corporation whose members were genealogically traced to one who served "honorably in the armed forces of the Confederate States of America." Id. One of Dixon's co-workers complained that Dixon affixed two decals depicting the Confederate battle flag, which offended him. Id. The defendant asked Dixon to remove the decals, and when he refused, it fired him.

Dixon claimed that his termination violated § 16-17-560 of the South Carolina Code. Said section made it unlawful "for a person to discharge a citizen from employment... because of political opinions or the exercise of political rights and privileges guaranteed... by the Constitution and laws of the United States or by the Constitution and laws of South Carolina." Dixon, 360 F. 3d at 514. Coburg removed the case asserting that the complaint required the resolution of a substantial question of federal law. Id. at 815. Dixon moved to remand and the district court denied the motion. Id. The Fourth Circuit reversed in light of Christianson's holding that removal jurisdiction ought to be construed strictly because of the significant federalism concerns at play. Id. Although Dixon's claim was created by state law, the Fourth Circuit recognized that the case might arise under federal law if "the vindication

**Civil Case No. 07-1308(SEC)**                                                                                           7

of [that] right under state law necessarily turn[ed] on some construction of federal law, but only if the plaintiff's right to relief **necessarily depend[ed]** on a substantial question of federal law." Id. (Emphasis added). However, the Appellate Court noted that "although Dixon's complaint does reference the First Amendment, none of its causes of action rely **exclusively** on a First Amendment violation to establish [Defendant's] liability under Section 16-17-560... Even if Dixon's claim had relied exclusively on the First Amendment to establish a violation of Section 16-17-560 and thus necessarily depended on a question of federal law, the question of federal law raised by his complaint **is not substantial.**" Id. at 818.(emphasis added).

We believe the same rationale applies here. Although Plaintiff stated that her right to privacy was protected by the U.S. Constitution, it was the only reference to federal law in her complaint, which we do not find substantial. Also, Plaintiff's relief **does not necessarily depend** on the resolution of a federal question, as she claimed entitlement to relief under the Commonwealth Constitution's right to privacy, which, contrary to its counterpart in the U.S. Constitution, extends to private parties. See, Vega v. Telefónica, 156 D.P.R. 584, 603 (2002)("...in Puerto Rico, a private employer is obliged to respect its employees' right to privacy, the same way as a public employer..."). As stated in Christianson, "if on the face of a well-pleaded complaint there are reasons completely unrelated to the provisions and purposes of the [federal laws] why the plaintiff may or not be entitled to the relief it seeks, then the claim does not arise under those laws." Christianson, 486 U.S. at 810; see also, Rains v. Criterion Systems, Inc., 80 F. 3d 339 (4th Cir. 1996)("When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory– federal question jurisdiction does not attach because federal law is not a necessary element of the claim."); citing, Christianson, 486 U.S. 800.

We find that Plaintiff's privacy claim does not necessarily depend on the U.S. Constitution, but it is only an alternative theory to her privacy claim under the Commonwealth Constitution. We also find that an in passing reference to the U.S.

**Civil Case No. 07-1308(SEC)** 8

Constitution, only once in a complaint, as here, is not sufficiently substantial to support "arising under" removal jurisdiction when the plaintiff has been careful to rely only on state law. We believe that this finding is in keeping with the federalism concerns raised by the <u>Christianson</u> court. Therefore, we **GRANT** Plaintiff's motion to remand (Docket # 2). This case is hereby **REMANDED** to State Court. Judgment will be entered accordingly.

    **SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of March, 2008.

                                                        S/ Salvador E. Casellas
                                                        SALVADOR E. CASELLAS
                                                        U.S. Senior District Judge